**E. J. Simmons**, OSB 75341
ejs@SimmonsTrialPractice.com
621 SW Morrison, Ste. 1300
Portland OR 97205
(503) 221-2000
Facsimile (971) 223-4733

**Bradley Ganz**
brad@ganzlaw.com
Ganz Law PC
PO Box 2200
163 SE 2nd Avenue
Hillsboro, OR 97124
(503) 844-9009

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand, LLC**, a California limited liability company,<br><br>        Plaintiffs,<br>    vs.<br><br>**Accelerated Recovery Centers, LLC**, a Georgia limited liability company, **Renaissance Malibu Foundation**, a California non-profit corporation, and **Baldwin Research Institute, Inc.**, a New York non-profit corporation,<br><br>        Defendants. | Civil Case No.: 3:09-CV-778-HA<br><br><br><br>**COMPLAINT**<br>Trademark Infringement<br>(15 US Code §1125)<br><br><br>DEMAND FOR JURY TRIAL |

1.

**PARTIES AND JURISDICTION**

Plaintiffs are California limited liability companies. Defendant Accelerated Recovery

Centers, LLC is a Georgia limited liability company. Defendant Renaissance Malibu

Foundation is a California non-profit corporation. Defendant Baldwin Research

Institute, Inc. is a New York non-profit corporation. This Court has federal-question

subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338

because this is an action for, among other things, trademark infringement and unfair

competition under the Lanham Act, 15 U.S.C. sections 1051 et seq. The Court has

supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.


2.

**FACTS**

Plaintiff Grasshopper House, LLC operates a leading alcohol and drug addiction

treatment facility, with a national clientele. For many years, plaintiff Grasshopper

House, LLC has been doing business as Passages and Passages Malibu, and has used

Passages and Passages Malibu as its trademarks. Its marks are registered under

California State Registration numbers 65498 and 65499. It uses the domain name

passagesmalibu.com and maintains a website at http://passagesmalibu.com. Plaintiff

Passages Silver Strand, LLC is affiliated with plaintiff Grasshopper House, LLC, uses the

trademark Passages under a license agreement, and has its Passages Silver Strand mark

registered under California State Registration numbers 65510.

3.

Defendants use various domain names in advertising their alcohol and drug addiction facilities.

## Overview of Google AdWords Program

4.

Google is a well-known search engine which has emerged as the nationwide leader in search queries by internet users. Yahoo has the second position in search queries. The discussion below describes the Google advertising process, and the Yahoo process is similar.

5.

In addition to retrieving "hits" based on search terms, Google also features "sponsored links" on search results pages. These "sponsored links" are links that are paid for by users through Google's AdWords advertising program. AdWords allows users to create their own advertisements which will be displayed as "sponsored links" on Google's search results web pages and on other websites that are part of Google's advertising network. Both the content of the AdWords advertisement and the search terms, known as "keywords", which trigger the appearance of the advertisement on the Google search results page and other websites are controlled by the AdWords advertiser.

6.     Each advertisement consists of five parts, all of which are created by the AdWords advertiser: (i) a headline of 25 or fewer characters; (ii) a first descriptive lines of 35 or fewer characters; (iii) a second descriptive lines of 35 or fewer characters; (iv) a display URL of 35 or fewer charaters; and (iv) a destination URL, which is linked to both

the display URL and to the advertisement's headline. These user-supplied components are then incorporated to generate a text advertisement generally of the following form:

> EXAMPLE HEADLINE
>
> Example description line I
>
> Example description line 2
>
> www.??.com

7.    After creating an advertisement, the AdWords user sets up a list of keywords (words or phrases) to be associated with the given advertisement or ad group. Google uses the keywords to determine when the advertisement may appear on Google search results pages, and website pages of a Google search partner or member of the Google content network.

8.

"Sponsored" AdWords advertisements appear, among other places, on Google search results pages, either alongside or above the search results, on Gmail webpages, and on the pages of websites that are members of the Google Network.

9.

Whether an advertisement shows up on a page, and where that advertisement is positioned in relation to the other advertisements, is determined in large part by the keywords that the advertiser lists to associate with that advertisement.

10.

Defendants have and continue to use plaintiffs' trademarks, without authorization, in their internet advertising in an attempt to trade on the goodwill of the plaintiffs' Trademarks and trade name, trick customers into thinking that defendants' goods and

services are associated with plaintiffs. Defendants' unauthorized use of the plaintiffs'
trademarks and trade name also confuses potential customers searching for plaintiffs on
the internet and misdirects them to Defendants' websites instead of the plaintiffs'
websites.

11.

In particular, Defendants willfully and purposefully utilize plaintiffs' trademarks and
trade name in their Google AdWords and Yahoo advertising in such a way as to create a
likelihood of confusion among consumers that their goods and services are associated
with plaintiffs or otherwise lure them to Defendants' websites.

12.

Defendants have used and continue to use plaintiffs' trademarks in their internet
advertising in an effort to confuse the public.

13.

Defendants' websites contain no disclaimers that they are not affiliated or sponsored by
plaintiffs. Defendants' use of the plaintiffs' trademarks and trade name in their internet
advertising is an attempt to trade on the goodwill of plaintiffs' marks and confuse the
consumer.

14.

Upon information and belief, Defendants are willfully and purposely using the plaintiffs'
trademarks and trade name as a targeted keyword phrase in its internet advertising.


**FIRST CLAIM FOR RELIEF**

FEDERAL UNFAIR COMPETITION

Page 5 – COMPLAINT

(15 U.S.C. § 1125(a))

15.

Defendants have used, and continue to use, without authorization, the plaintiffs' trademarks and trade dress, or confusingly similar names, marks and trade dress or variations thereof, in interstate commerce falsely to represent, describe and designate the origin of and other facts related to goods and services in a manner that is likely to cause confusion, to cause initial interest confusion, to cause mistake, and/or to deceive as to the affiliation, connection and association of the plaintiffs' trademarks and trade dress and the origin, endorsement, sponsorship, or approval of those goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125. Defendants' unauthorized use of the plaintiffs' trademarks and trade dress , or confusingly similar names or variations thereof, are also likely to cause consumer confusion or mistake with respect to sponsorship or endorsement of Defendants' websites and the goods and services offered on such websites, and to divert consumers away from plaintiffs' website in violation of the Lanham Act.

16.

As a result of Defendants' wrongful and unfair acts, Defendants have been unjustly enriched and it is inequitable to allow Defendants to retain this benefit under the circumstances.

17.

Plaintiffs have suffered damages as a direct and proximate result of Defendants' use of such false descriptions or representations, including confusion and deception of the trade and purchasing public, incalculable injury to its goodwill and business reputation, and the expenditure of attorneys' fees, for which plaintiffs have no adequate remedy at

law. Plaintiffs will continue to suffer irreparable injury unless Defendants' acts of infringement are enjoined by this Court.

18.

Defendants' acts of infringement, described above, were willful such as to justify the award of treble damages and attorney fees to Plaintiffs.

## SECOND CLAIM FOR RELIEF

CALIFORNIA UNFAIR COMPETITION

(Cal. Bus. & Prof. Code § 17200 et seq.)

19.

Defendants' acts of using trademarks and trade dress that is substantially and confusingly similar to plaintiffs' trademarks and trade dress constitutes unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200. Defendants' wrongful actions are unlawful because, among other things, they violate the Lanham Act and constitute trademark and trade dress infringement. Defendants' wrongful actions are also unfair and fraudulent, enabling Defendants to sell more products and services than they otherwise would but for their falsely imposed connection with Plaintiffs. Defendants' conduct is likely to and has deceived and confuse the consuming public, including confusing the public as to whether Defendants' websites, products and services originate from or are sponsored or approved by Plaintiffs or otherwise affiliated with, connected to, or associated with Plaintiffs and diverting consumers away from Plaintiffs' website to Defendants' websites.

20.

As a result of Defendants' wrongful acts, as alleged herein, Defendants have been

unjustly enriched and it is inequitable to allow Defendants to retain this benefit under

the circumstances.

21.

Plaintiffs have suffered irreparable harm as a result of Defendants' conduct, and will

continue to suffer irreparable harm that cannot be adequately remedied at law unless

Defendants and all persons acting in concert with them are enjoined from engaging in

any further acts of unfair competition. The consuming public also has and will continue

to suffer injury as a result of being misled and confused by Defendant's unfair practices.

This harm to Plaintiffs and the public has resulted in unjust enrichment to Defendants.

Upon information and belief, Plaintiffs alleges that Defendants will continue to use

unfair business practices if not otherwise enjoined.


**THIRD CLAIM FOR RELIEF**

UNJUST ENRICHMENT

22.

Defendants have used and continue to use Plaintiffs' Trademarks and trade dress

without authorization in connection with the advertisement, sale and offering for sale of

their competitive goods and services.


23.

Defendants' wrongful and unauthorized use of the Plaintiffs Trademarks and trade dress is likely to cause confusion as to the source or sponsorship of Defendants' goods and services and further is likely to cause the consumer confusion when searching for Plaintiffs on the internet and to divert the consumers to Defendants' websites and services rather than those of Plaintiffs.

24.

As a result of their wrongful acts, as alleged herein, Defendants have been unjustly enriched and it is inequitable to allow Defendants to retain this benefit under the circumstances.

## PRAYER FOR RELIEF

Wherefore plaintiffs pray to the Court that it grant the following relief:

1. That this Court permanently enjoin Defendants, and their officers, directors, employees, agents, servants, and all persons, firms, corporations, franchisees and associates in concert or participation with Defendants from doing any of the following:

a.      conducting or doing business, in any capacity, using plaintiffs' trade dress or trademarks, or any confusingly similar marks, trade dress, designations or variations thereof;

b.      using the plaintiffs' Trademarks or trade dress, or any confusingly similar marks, trade dress, derivative or form thereof, in connection with the advertisement, sale or offering for sale of goods and services, including the use in any internet advertising programs (including as text, headlines or keywords), promotional materials, and web sites ;

c.      falsely or inaccurately describing or designating the origin of or other facts related to any goods or services in any manner that is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendants with Plaintiffs;

d.      engaging in any conduct violative of 15 U.S.C. § 1125(a);

e.      engaging in any conduct violative of Cal. Bus. & Prof Code § 17200

2. That this Court require Defendants to pay plaintiffs damages in a sum to be proven at trial, but in any event no less than $250,000, and including Defendants' profits and the actual damages suffered by plaintiffs as a result of Defendants' acts;

3.      That Defendants pay treble damages because of the willful acts described in this Complaint, all of which were in disregard of Plaintiffs' rights;

4.      For restitution and disgorgement of all profits and other benefits unjustly obtained by Defendants as a result of their wrongful actions;

5.      That this Court award Plaintiffs their reasonable attorneys' fees; and

6.      That this Court grant such other and further relief as is just.


Signed July 7, 2009.

*s/ E. J. Simmons*

_____
E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House, LLC
and Passages Silver Strand, LLC


Plaintiffs demand a jury trial for their claims against defendants.

Signed July 7, 2009.

*s/ E. J. Simmons*

_____

E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House, LLC
and Passages Silver Strand, LLC