IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

GRASSHOPPER HOUSE, LLC, a
California limited liability company
doing business as Passages Malibu;
PASSAGES SILVER STRAND, LLC, a
California limited liability company,

       Plaintiffs,                                  Civil No. 09-778-HA

       v.                                       OPINION AND ORDER

ACCELERATED RECOVERY CENTERS,
LLC, a Georgia limited liability company;
RENAISSANCE MALIBU FOUNDATION,
a California non-profit corporation; and
BALDWIN RESEARCH INSTITUTE, INC.,
a New York non-profit corporation,

       Defendants.

HAGGERTY, District Judge:

       Plaintiffs Grasshopper House, LLC and Passages Silver Strand, LLC allege that defendants used their trademarks and trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and that defendants' acts constitute unlawful, unfair, and fraudulent

-1-OPINION AND ORDER

business practices pursuant to California Business & Professions Code § 17200. As a result of these actions, plaintiffs allege that defendants have been unjustly enriched. Plaintiffs seek injunctive relief and damages. Defendant Accelerated Recovery Centers, LLC ("ARC") moved to dismiss plaintiffs' Complaint [1] for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, defendant's Motion to Dismiss [7] is GRANTED.

**BACKGROUND**

Plaintiff Grasshopper House operates an alcohol and drug addiction treatment facility in California. Plaintiff has been doing business as "Passages" and "Passages Malibu" for many years and has used "Passages" and "Passages Malibu" as its trademark. Defendant is a Georgia limited liability company operating alcohol addiction and abuse treatment centers.

Defendant advertises its business using the popular search engines, Google and Yahoo. Specifically, defendant created advertisements which are displayed as "sponsored links" on Google's search results web pages. Certain search terms, or "keywords," trigger the appearance of the advertisement on the search results page. Plaintiffs allege that defendant has used their trademark as a keyword, without authorization, and confused potential clients searching for plaintiff's website.

Defendant is a Georgia resident and maintains only one business address in Marietta, Georgia. Defendant concedes that it operates a website that can be viewed by potential clients residing in any state, but notes that it has never advertised in print, radio, or television within the State of Oregon. Kelly Aff. ¶ 5. Defendant further asserts that the company has never serviced any client from the State of Oregon. Kelly Aff. ¶ 4.

**STANDARD**

To determine whether personal jurisdiction exists, the court may consider the pleadings and evidence presented through affidavits, and may also order limited discovery to develop jurisdictional facts. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Plaintiff bears the burden of establishing that this court has personal jurisdiction over defendant. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.*, 103 F.3d 888, 893 (9th Cir. 1996) (nonmoving party has burden of establishing personal jurisdiction). Plaintiff need only make a *prima facie* showing of facts that support exercising jurisdiction over defendants. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis: the exercise of jurisdiction must: (1) satisfy the requirements of the long arm statute of the state in which the district court sits; and (2) comport with principles of federal due process. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 559 (9th Cir. 1995); *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).

The due process clause of the United States Constitution protects persons from being subject to the binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326

U.S. at 316). Minimum contacts encompasses two types of jurisdiction: general and specific. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

For a defendant to be subject to general personal jurisdiction, defendant must have such "continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Reebok Intern. Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995). The standard for general jurisdiction is high, requiring that the contacts in the forum "approximate physical presence." *Tuazon*, 42 F.3d at 1169.

Alternatively, specific jurisdiction exists where: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself or herself of the privileges of conducting activities in the forum; (2) the claim arises out of, or results from, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). If the plaintiff meets the first and second elements, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Burger King*, 471 U.S. at 476-78)).

In analyzing whether a defendant purposefully availed himself to a forum, the Ninth Circuit has used the "Calder effects test." *Schwarzenegger*, 374 F.3d at 803. In the "Calder effects test" plaintiff must demonstrate that defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783

(1984)).

To determine whether an internet site contributes to the establishment of minimum contacts, courts use a "sliding scale" analysis. *See, e.g., Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp.2d 907, 916-17 (D. Or. 1999) (adopting a sliding scale analysis to determine whether an Internet site could support personal jurisdiction).

Under this sliding scale, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id*. at 915 (citing *Zippo Mfg. Co. v. Zippo Dot Com,* 33 F. Supp. 2d, 1119, 1124 (W.D. Pa. 1997)). In *Millennium,* this court declined to adopt a "broad view of personal jurisdiction" regarding Internet sites, and instead recognized that there should be a deliberate action within the forum state "in the form of transactions between the defendant and residents of the forum or conduct of the defendant purposefully directed at the residents of the forum state." *Id*. at 921 (citing *Calder*, 465 U.S. at 788-90). Because the *Millennium* defendant did not have a substantial connection with Oregon, and did not "purposefully target its activities at Oregon," the court concluded that the exercise of personal jurisdiction was improper. *Id*. at 921-22.

## **DISCUSSION**

Plaintiffs concede that defendant's contacts with Oregon are insufficient to create general jurisdiction and only contends that defendant should be subject to specific jurisdiction.

The first prong of the specific jurisdiction test requires a plaintiff to show that the nonresident defendant purposefully directed its activities or consummated some transaction with the forum or performed some act by which it purposefully availed itself of the privilege of

-5- OPINION AND ORDER

conducting activities in the forum.

Under the "Calder effects test", plaintiffs have set forth no facts to allege that defendant has, in any way, expressly aimed its advertising scheme at the residents of Oregon. In fact, plaintiffs accurately note that the Ninth Circuit has decided that the operation of a passive website cannot satisfy the aiming prong of the "Calder effects" test without "something more." *Pebble Beach v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.2d 1007, 1020 (9th Cir. 2002). Nowhere do plaintiffs demonstrate the requisite "something more." Plaintiffs do not assert that defendant owns Oregon property, pays Oregon taxes, or maintains Oregon bank accounts. Similarly, defendant does not maintain any office or mailing address in Oregon. In fact, it appears that the only connection this case has with the State of Oregon is the location of plaintiffs' counsel. Therefore, plaintiffs have failed to demonstrate that defendant purposefully availed itself of the privilege of conducting business in this forum.

Because plaintiffs failed to satisfy the first prong of the specific personal jurisdiction test, this court need not analyze the second and third prongs. This court concludes that it lacks personal jurisdiction over defendant pursuant to Fed. R. Civ. P. 12(b)(2).

Finally, plaintiffs request that this court allow plaintiffs to conduct jurisdictional discovery of defendant's Oregon activities. In support of this request, plaintiffs cite *Toys "R" Us, Inc. v. Step Two, S.A.* ("Toys"), 318 F.3d 446 (3rd Cir. 2003). In *Toys*, the court explained that jurisdictional discovery should be allowed "unless the plaintiff's claim is 'clearly frivolous.'" *Id.* at 456. The court went on to state that before such a request is granted, the plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the

requisite 'contacts between [the party] and the forum state . . . .'"  *Id.*  (citation omitted).  In the present case, plaintiffs have presented no factual allegations to suggest any contact between defendant and the State of Oregon.

Moreover, the Ninth Circuit has held that discovery may be "appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Boschetto v. Hansing*, 539 F.3d 1011, 1021 (9th Cir. 2008) (citing *Bancroft & Masters, Inc.,* 223 F.3d at 1086).  It is not sufficient for a plaintiff to merely state his belief that discovery will enable them to demonstrate minimum contacts for personal jurisdiction.  *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).  *See also Boschetto*, 539 F.3d at 1020 (holding that the request for discovery must be based on "more than a hunch that it might yield jurisdictionally relevant facts . . .").  In the present case, plaintiffs request jurisdictional discovery based solely on the belief that defendant's advertising techniques may have attracted Oregon clients.  However, defendant asserts that the company has never had a client from Oregon.  Plaintiffs set forth no additional facts and base their discovery request "on little more than a hunch."  Therefore, plaintiffs' jurisdictional discovery request is denied.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

-7- OPINION AND ORDER

**CONCLUSION**

For the reasons provided, this court GRANTS Defendant's Motions to Dismiss [7], and this case is dismissed without prejudice.

IT IS SO ORDERED.

DATED this  15   day of October, 2009.


　　　　　　　　　　　　　　　　　　　　  /s/ Ancer L. Haggerty  

　　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　United States District Court