**E. J. Simmons**, OSB 75341
ejs@SimmonsTrialPractice.com
621 SW Morrison, Ste. 1300
Portland OR 97205
(503) 221-2000
Facsimile (971) 223-4733

**Bradley Ganz**
mail@ganzlaw.com
Ganz Law PC
PO Box 2200
163 SE 2nd Avenue
Hillsboro, OR 97123
(503) 844-9009

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand, LLC**, a California limited liability company, | Civil Case No.: 3:09-CV-778-HA |
| Plaintiffs, vs. | **Memorandum in Support of Motion for Default Judgment against defendant Renaissance Malibu Foundation** |
| **Accelerated Recovery Centers, LLC**, a Georgia limited liability company, **Renaissance Malibu Foundation**, a California non-profit corporation, and **Baldwin Research Institute, Inc.**, a New York non-profit corporation, | |
| Defendants. | |

Page 1 – Memorandum in Support of Motion for Default Judgment against
    defendant Renaissance Malibu Foundation

Renaissance Malibu Foundation was served but is in default. The statutes relating to trademark infringement damages are set out below:

15 U. S. Code Section 1117. "Recovery for violation of rights

(a) Profits; damages and costs; attorney fees.  When ... a violation under section 43(a) or (d) [*15 US Code Section 1125(a) or (d)*], ... shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [*15 US Code Sections 1111 and 1114*], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.
..."

15 U. S. Code Section 1125. "False designations of origin, false descriptions, and dilution forbidden

(a) Civil action.
   (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
     (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
     (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
   shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
..."

The *Declaration of Chris Prentiss*, filed under seal, sets out a damages calculation of

$560,000.00 and that this is a conservative estimate unlikely to fully compensate

Page 2 – Memorandum in Support of Motion for Default Judgment against
         defendant Renaissance Malibu Foundation

Plaintiff. The judgment of the Court should be for at least that amount. Because the infringement by defendant was willful, as plead and in view of pre-suit notice to defendant of the Plaintiff's trademark right, and in order to more fully ensure compensation for damages, Plaintiffs request that the Court award the treble damages provided for under 15 U. S. Code Section 1117.

Also because the infringement was willful, Plaintiffs request that the Court find that this is an exceptional case under 15 U. S. Code Section 1117, and that the Court award reasonable attorney fees to plaintiffs as provided for under 15 U. S. Code Section 1117.

Exceptional cases are defined by the Ninth Circuit as cases where the infringement can be defined as "malicious, fraudulent or willful." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002).

The equitable standard for awarding injunctive relief is a four-factor test:

> "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. See, *e.g., Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-313, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)*; *Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987)*. The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. See, *e.g., Romero-Barcelo, 456 U.S., at 320, 102 S. Ct. 1798, 72 L. Ed. 2d 91.* "

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 126 S. Ct. 1837, 1840, 164 L.Ed.2d 641 (2006)

The Declaration of Chris Prentiss sets out the ongoing harm to plaintiffs and to the public that will result from ongoing infringement by defendant. The Court should grant an injunction against defendant and against those acting in concert with defendant to prevent the ongoing harm.

Signed November 3, 2009.

*s/ E. J. Simmons*

_____
E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House, LLC
and Passages Silver Strand, LLC